WALTER GOODLOW v. STATE OF INDIANA.

[No. 671S179. Filed July 2, 1973. Rehearing denied August 22, 1973.]

*Frank E. Spencer*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of robbery and robbery while armed. Trial by jury resulted in a verdict of guilty of robbery. Appellant was sentenced to the Indiana State Prison for not less than ten nor more than twenty-five years.

The record reveals the following facts:

On January 3, 1970, James Carter was stopped in his automobile for a traffic light at the intersection of 16th and Delaware in the city of Indianapolis. Two men started across the street. One man, later identified as Marion Turner, aimed a pistol at Mr. Carter and told him to unlock the other door of the car. Appellant then entered the back seat of Carter's automobile, and Turner got in the front seat beside Carter. Carter got a good look at both men as they entered the automobile. Turner had a bandage on his cheek, and the appellant referred to him as "Scar."

Turner gave Carter instructions as to where to drive. The car finally became stuck in snow near 11th Street and Missouri Avenue. Turner then ordered Carter to give him everything of value. He took $23 from Carter's wallet, a ring and a watch. Turner then looked in the glove compartment, under the dashboard and under the front seat. In the meantime the appellant searched the back seat area.

Both Turner and the appellant then ran from the car. Carter followed them on foot and saw them enter a basement apartment. Carter then returned to his car, was able to get it out of the snow, drove to police headquarters and reported the robbery.

Police officers returned to the scene with Carter and apprehended both the appellant and Turner in the basement apartment. At the time of the apprehension Carter identified both men as his assailants.

Carter's ring was found in a bucket in a furnace room adjoining the apartment.

Appellant's sole argument is that the court erred in overruling his motion to correct errors in that there was no evidence of probative value that he did any act of force or violence as to the victim, nor that he put him in fear, nor that he took any property from Carter. In support of his contention the appellant cites *Carey* v. *State* (1924), 194 Ind. 626, 144 N. E. 22; *Pace* v. *State* (1967), 248 Ind. 146, 224 N. E. 2d 312, 10 Ind. Dec. 205; and *Lipscomb* v. *State* (1970), 254 Ind. 642, 261 N. E. 2d 860, 22 Ind. Dec. 624. In those cases this Court held that mere presence of an accused at the scene of a crime is not sufficient to infer guilt. In *Pace* this Court held that the appellant, though present during the commission of the crime, had no duty to oppose the crime. In that case the defendant was the driver of the car in which the perpetrator of the crime was a passenger. The victim was a hitchhiker who was picked up and robbed. The factual situation in the case at bar, however, is not limited to mere presence. Both men gained entrance to Carter's automobile when Turner displayed the pistol. Appellant also searched the back seat area while Turner was searching the front seat area. The men escaped the scene together and were arrested together. There is ample evidence from which the jury could find that from the beginning both Turner and the appellant intended to act in concert to rob Carter. *Cotton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158, 6 Ind. Dec. 699.

Under the facts of this case it was not necessary for appellant personally to commit all of the acts committed by Turner. It was sufficient for the jury to find that he aided Turner in the commission of a crime. IC 35-1-29-1, BURNS' IND. STAT. ANN., 1956 Repl., § 9-102, reads as follows:

"Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or

convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal. [Acts 1905, ch. 169, § 224, p. 584.]"

The trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 297 N. E. 2d 803.