RICHARD CARL TESSELY *v.* STATE OF INDIANA.

[No. 776S220. Filed January 5, 1978.]

446

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *John P. Avery,* Deputy Attorney General, for appellee.

HUNTER, J.—Richard Carl Tessely, the defendant was tried on charges of burglary, robbery, accessory before the fact to inflicting an injury during a robbery and accessory after the fact to inflicting an injury during a robbery. The defendant was tried before a jury, which returned verdicts of guilty on the charges of burglary, accessory before and after the fact of inflicting an injury during a robbery, and the included offense of assault and battery with intent to commit a felony. The trial court entered judgment on these verdicts and sentenced the defendant on these convictions, ten to twenty years for burglary, one to ten years for assault and battery, and two life sentences for the accessory verdicts; the sentences to run concurrently. From this judgment the defendant appeals, raising the following issues:

1. Whether the state's exhibits, a radio and a shaver, were properly admitted into evidence;

2. Whether testimony concerning coins, taken during a robbery, should have been struck, when the coins were not introduced;

3. Whether there was sufficient evidence to support the verdicts;

4. Whether the court's instruction on the presumption of innocence was misleading and prejudicial;

5. Whether a new trial should be granted considering newly discovered evidence; and

6. Whether the defendant's two life sentences for being an accessory were improper.

## I.

The defendant was charged with robbery, the information alleging that he took "money of the value of One Thousand Dollars." At trial the prosecutor elicited certain testimony from various witnesses without objection concerning the taking of a radio and an electric shaver. When the prosecutor sought to have the radio and shaver introduced into evidence, the defendant objected, stating that those items were outside the scope of the charges. The objection was overruled and the items admitted.

Those two items were properly admitted. No objection was made to any testimony concerning either the radio or the shaver. The physical exhibits were merely cumulative of the testimony already given as respects the objection made. The admission of evidence which is cumulative of evidence already introduced is reviewable only for an abuse of discretion. *Strickland* v. *State*, (1977) 265 Ind. 664, 359 N.E.2d 244; *Chappell* v. *State*, (1926) 197 Ind. 272, 150 N.E. 769. The defendant was also charged with burglary. The radio and shaver were competent evidence with respect to that charge, in order to prove the element of intent to commit a felony.

## II.

The defendant was charged with taking money valued at one thousand dollars. Testimony described coins which were taken from the victim, but the coins were never introduced. At the conclusion of the evidence the defendant moved to strike all testimony regarding the coins because of the failure of the state to introduce these coins. This motion was overruled. The defendant recommends that we consider the reasonableness of *Keiton* v. *State*, (1968) 250 Ind. 294, 235 N.E.2d 695. *Keiton* was overruled by this Court in *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229, and it is not necessary for the prosecution to introduce the physical object about which there has been testimony.

## III.

The defendant contends that there was insufficient evidence to support his convictions. The evidence viewed most favorably to the jury verdicts was as follows. Tessely and Bonk broke into the home of Andrew Potts on February 19, 1975. Either Tessely or Bonk took Mr. Potts from his bedroom and held a knife to his throat while asking for money. Potts received a knife wound in the neck as a result. Tessely and Bonk took a shaver, a radio, a watch, and a quantity of old coins from the home and put them in their car. Tessely returned and set fire to the house before leaving in Bonk's car. The two went to Niles, Michigan and unloaded the stolen goods at the apartment of Bonk's son, Frank, Jr. The next day Bonk took Tessely back to the Turning Point, a half-way house for alcoholics where Tessely was staying. Bonk later pleaded guilty to robbery and testified for the state.

When reviewing the sufficiency of the evidence to support a verdict, this Court does not reweigh the evidence or judge the credibility of the witnesses. Viewing the evidence most favorable to the verdict, we determine whether there was sufficient evidence of probative value from

which a jury could have determined that the defendant was guilty beyond a reasonable doubt. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566; *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658.

The defendant was convicted of burglary, assault and battery with intent to commit a felony, accessory before the fact of infliction of an injury during commission of a robbery and accessory after the fact of inflicting an injury during commission of a robbery. The defendant asserts, as to the burglary and assault and battery convictions, that Frank Bonk's testimony is so suspect and weakened, Bonk testifying under inducement of an agreement, that this evidence is insufficient. This assertion requests that we reweigh the evidence presented. It is settled that an accused may be convicted upon the uncorroborated testimony of an accomplice. *Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51. Here, Bonk's testimony was sufficient evidence to support the jury's verdicts; his plea agreement was placed before the jury and goes to the weight of that testimony only.

The defendant challenges the sufficiency of the evidence with respect to his conviction for being an accessory before the fact on the grounds that he did not know that an injury had been inflicted upon Potts. It is not necessary for an accused to know, subjectively, of each separate action of a conferedate resulting in an offense. It is sufficient if the evidence shows that an accused aided another in the commission of a crime. The acts of one accomplice are imputed to the other. Ind. Code § 35-1-29-1 (Burns 1975); *Goodlow* v. *State,* (1973) 260 Ind. 552, 297 N.E.2d 803; *Rutledge* v. *State,* (1975) 164 Ind. App. 468, 329 N.E.2d 603.

The defendant challenges the sufficiency of the evidence as to his conviction of accessory after the fact to infliction of an injury during a robbery on the grounds that there was no showing that he harbored, concealed, or assisted Bonk. The state must prove the following:

"... (1) A felony was committed. (2) Appellant did harbor, conceal, or assist the principal, with intent that he should escape detection, arrest, capture, or punishment. (3) Appellant had knowledge of the crime at the time of giving aid or assistance. (4) Appellant is not related to the person committing the . . . [felony]." *Smith* v. *State,* (1951) 229 Ind. 546, 99 N.E.2d 417.

The evidence shows that the defendant started a fire in Potts' residence before leaving and also shows that the defendant concealed the means by which he obtained the old coins, stating that it was an inheritance. This evidence is sufficient to support a conviction for accessory after the fact.

## IV.

The court gave the following, over objection, as a preliminary and final instruction:

"While a defendant is presumed in law to be innocent of a crime until the contrary is established by the evidence to that degree of certainty that you as jurors are convinced of his guilt beyond a reasonable doubt, the rule of law which throws around the defendant the presumption of innocence and requires the State to establish beyond a reasonable doubt every material fact averred in the Information *is not intended to shield those who are actually guilty from just and merited punishment;* but is a humane provision of law which is intended for the protection of the innocent, and to guard, as far as human agencies can, against the conviction of those that are innocent and unjustly accused of crime. And by reasonable doubt is not meant a mere whim, a captious or speculative doubt. It is properly termed a reasonable doubt, and it must arise from the evidence or lack of evidence relating to some material fact or facts charged in the Information." [Emphasis added.]

Objection was made and the defendant now maintains that the italicized language misleads the jury by dividing legal guilt from actual guilt. We cannot say that this language, viewing the instruction as a whole, is inaccurate or misleading.

## V.

At a hearing on the defendant's motion to correct errors, three witnesses testified to overhearing conversations between the defendant and state's witness Frank Bonk. In the conversation Bonk offered to withdraw his statement against the defendant if the defendant put five hundred dollars into his account. The conversations also implicated a man named Stan or Dan.

The defendant contends that this newly discovered evidence merits the granting of a new trial. When newly discovered evidence is raised as an issue in a motion to correct errors, the defendant must establish:

"(1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result."

*Emerson* v. *State,* (1972) 259 Ind. 399, 407, 287 N.E.2d 867, 871-2. The testimony alluded to by the defendant as "new" was in fact merely cumulative of information available to the defendant and within his knowledge during the trial and was asserted in a fruitless attempt to impeach his co-accomplice Bonk. A strong likelihood of a different result not appearing, there was no error in overruling the motion.

## VI.

The defendant argues that the two life sentences imposed are improper. Additionally, he argues that his sentences are improper because Bonk, his co-accomplice, received only a ten to twenty-five year indeterminate sentence.

We hold that it is improper for the defendant to have been sentenced on convictions of being both an accessory before

and after the fact. The sentence for being an accessory after the fact should be vacated. It is also fundamental error for the trial court to have sentenced the defendant on his conviction of assault and battery with intent to commit a felony. This is included within the inflicting injury conviction and the sentences merge.

As to the consistency of his sentences with the sentence received by his accomplice, it need only be stated that Bonk received his sentence after pleading guilty. When the sentence of the principal is not the result of a trial on the merits, no legal contradiction arises from inconsistent sentences. *Combs* v. *State*, (1973) 260 Ind. 294, 295 N.E.2d 366.

For all the foregoing reasons, this cause is hereby remanded to the trial court, with instructions to vacate the conviction and sentence of the defendant as an accessory after the fact and for assault and battery with intent to commit a felony.

Remanded with instructions.

Givan, C.J., DeBruler and Pivarnik, JJ., concur; Prentice, J., concurs in result.

NOTE.—Reported at 370 N.E.2d 907.