GEORGE METCALF *v.* STATE OF INDIANA.

[No. 877S601. Filed June 21, 1978.]

*Timothy S. Schafer,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, George Metcalf, was charged with infliction of an injury during a robbery. He was tried

before a jury, which found him guilty. He was sentenced to life imprisonment. He appeals raising the sufficiency of the evidence as his only issue.

The defendant contends that there was insufficient and contradictory evidence as to whether he was the one who shot Donald Rhymes. He also contends that the state's witnesses' failure to acknowledge that they knew their first cousin, Steven Rhymes, and evidence that Steven was at the scene on the day of the crime indicates that the witnesses are protecting Rhymes.

When reviewing the sufficiency of the evidence, this Court will look only at the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the verdict, then the conviction will be affirmed. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566.

The evidence shows that the defendant and three armed companions forced their way into the home of Donald Rhymes and demanded money and a gun. The defendant appeared to be the leader in that he gave the orders. While attempting to aid his wife by grabbing the nearest intruder, Donald Rhymes was shot and seriously injured.

Although the evidence conflicts as to whether the defendant was the one who pulled the trigger, one eyewitness testified he did. This alone is sufficient to support the verdict. Additionally, under the accessory statute, it is sufficient if the evidenced shows that an accused aided another in the commission of a crime. It is not necessary that an accomplice act out each element of an offense, for the acts of one accomplice are imputed to the other. *Goodlow* v. *State,* (1973) 260 Ind. 552, 297 N.E.2d 803; *Tessely* v. *State,* (1978) 267 Ind. 445, 370 N.E.2d 907. And although there was evidence concerning Steven Rhymes which may raise some speculation as to *his* participation in the

crime, this is irrelevant to the sufficiency of the evidence supporting the verdict against the defendant.

For all the foregoing reasons, there was no trial error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 376 N.E.2d 1157.