Leonard E. STROUD and Walter W. Weddle, Appellants,

v.

STATE of Indiana, Appellee.

No. 481S92.

Supreme Court of Indiana.

July 6, 1983.

Susan K. Carpenter, Public Defender of Indiana, Indianapolis, Kurt A. Young, Sp. Asst. Public Defender, Speedway, for appellants.

Linley E. Pearson, Atty. Gen., of Ind., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendants-appellants Leonard E. Stroud and Walter W. Weddle were convicted of Attempted Robbery, Ind.Code § 35–41–5–1 (Burns Repl.1979) and Ind.Code § 35–42–5–1 (Burns Repl.1979), at the conclusion of a jury trial in Jackson Circuit Court on October 30, 1980. The jury found defendant Stroud guilty of attempted robbery while armed with a deadly weapon, resulting in bodily injury to another person, a class A felony, and he was sentenced to a term of twenty (20) years. The jury found Weddle guilty of attempted robbery by using or threatening the use of force on another person or by putting another person in fear, a class C felony. He was subsequently sentenced to a term of four (4) years. The two appeals were consolidated for review by this Court.

Four issues of error are raised by the defendants, concerning: 1) whether the trial court erred in denying the defendants' motion for mistrial during voir dire of the jury; 2) whether the trial court erred in denying the defendants' motion in limine; 3) whether the trial court erred by refusing to accept a plea bargain agreement entered into by defendant Stroud and the State; and, 4) whether there was sufficient evidence to convict the defendants of attempted robbery.

The evidence most favorable to the State reveals that on May 10, 1980, Arthur Motsinger and his son were fishing on the bank of the White River in Jackson County, Indiana. Defendants Stroud and Weddle, along with some other people, were on a nearby hill when they saw the Motsingers fishing. Stroud ordered Tim Lee, one of the other individuals, to go down the hill and take the Motsingers' money. Lee failed to get the money and the Motsingers tried to leave the area. Before he could escape in his car, Arthur Motsinger was hit in the face by Stroud and also sustained an injury to his right side. There also was testimony that the defendants struck Robby Jenkins in the face after taking bicycles from Tim Lee and Larry Lacy. This incident took place prior to the attempted robbery.

I

During voir dire examination of the jury, one of the prospective jurors, Louise Fleming, was asked if she knew either of the defendants and she stated she "knew the Stroud boy." Mrs. Fleming stated she did not know Stroud personally but her daughters had contacts with him. She was then asked if this fact would in any way influence her role as a juror and she said that it would because she would not be able to fairly and impartially hear the case in regard to defendant Stroud. Mrs. Fleming said she would not be able to put this aside in her deliberations because she feared for the safety of her daughters. The judge asked her to explain that statement and she replied: "Well they do, they have to keep in constant dealings with the Strouds, is all, and trouble, and I don't want, I don't want to say too much about it." The trial judge then excused this juror for cause. Defend-

ants Stroud and Weddle moved for a mistrial so that they could be tried from a new panel of jurors since they felt that Mrs. Fleming's statement had so tainted the rest of the jurors that they would not receive a fair and impartial trial. The trial court denied the motion. No admonishments were given to the remaining jurors by the trial court and no questions were asked of the remaining prospective jurors as to whether or not they were influenced or prejudiced by the statements of this one juror.

The defendants contend that the trial court committed reversible error by refusing to select a new panel of prospective jurors, or, in the alternative, admonish the remaining prospective jurors and question them whether they were influenced by the statements they heard. On the other hand, the State contends that the trial court did not commit error by denying the relief sought by the defendants since there was no impropriety concerning the voir dire because no substantive facts of the case or evidentiary matters were placed before the jurors by this one prospective juror. Mrs. Fleming was merely giving her reasons for feeling that she did not want to be involved in the defendants' trial. Therefore, the State contends that the defendants were not placed in a position of substantial peril since Mrs. Fleming's comments were elicited in the voir dire's properly controlled atmosphere which determines whether a challenge for cause exists or whether a peremptory challenge should be used. *McFarland v. State,* (1979) 271 Ind. 105, 110, 390 N.E.2d 989, 992.

■ The trial court has broad discretionary powers to regulate the voir dire's form and substance. *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007, 1008; *Roberts v. State,* (1978) 268 Ind. 127, 130, 373 N.E.2d 1103, 1106. The decision to grant or deny a mistrial rests largely within the trial court's sound discretion and this Court will reverse that decision only when it is shown that the defendants were placed in a position of great peril to which they should not have been subjected. *Morgan v. State,* (1981)

Ind., 419 N.E.2d 964, 967; *Chandler v. State,* (1981) Ind., 419 N.E.2d 142, 145. The defendants cite us to *Lindsey v. State,* (1973) 260 Ind. 351, 295 N.E.2d 819. The facts in *Lindsey* are different from the facts before us in the instant case. In *Lindsey,* during the trial, newspaper articles were printed which indicated that defendant Lindsey had been involved in previous crimes, one of them being rape. This Court reversed Lindsey's conviction, holding that when there was a suggestion to the trial court that there had been improper and prejudicial publicity, the defendant was entitled to have the jury polled immediately to determine whether any juror had been exposed to the article. *Id.* at 356, 295 N.E.2d at 822.

■ A similar question was again presented to this Court in *Bradberry v. State,* (1977) 266 Ind. 530, 364 N.E.2d 1183. There, one of the prospective jurors on voir dire had stated he had read about the case in the newspapers and formed an opinion but did not say what that opinion was. The trial judge, who was conducting the voir dire, dismissed the juror for cause. Other jurors who read about the case replied that they had formed no opinion about the case. The prospective jurors made no statements concerning the facts of the crime or what any of the newspaper articles had said. In all, there were only general statements that there had been a newspaper story about the crime. Citing *Lindsey, supra,* we found in *Bradberry* that the general references made by the prospective jurors in the presence of the other jurors did not prejudice them to such an extent that any action by the trial court was necessary. *Id.* at 536, 364 N.E.2d at 1187. We find the same to be true here. We do not recommend the procedure followed by the trial judge in pressing the prospective juror for reasons in holding a prior opinion about the case. Neither the trial court nor counsel for the parties should cause a juror to express any facts or reasons for having the opinion he or she does if the prospective juror can satisfactorily establish that he or she has formed an opinion which cannot be set aside in order to fairly

or impartially try the case. Even so, the statement made by Mrs. Fleming in expressing fear for her daughters did not relate any substantive facts or evidentiary matters that would necessarily prejudice the other jurors. She honestly stated that she could not fairly and impartially try the case because her daughters knew or might be involved with the Strouds. There is no showing that any of the jurors were prejudiced by these remarks and this juror was excused from service. We see no reversible error in this issue.

## II

■ Defendants filed a motion *in limine* with the trial court requesting exclusion of any testimony concerning the defendants attacking Robby Jenkins just prior to their encounter with the Motsingers. The defendants contend that this was a separate incident, removed from the charges for which they were convicted. The trial court denied the motion *in limine*. The testimony involving Robby Jenkins was put into evidence by two witnesses who testified that the defendants struck Robby Jenkins immediately prior to the attempted robbery of the Motsingers. Defendants did not object to any of this testimony. Denial of a motion *in limine* is not reviewable error. Failure to object at trial to the admissibility of evidence when it is offered constitutes a waiver of the issue, reserving nothing for our review. *Stubblefield v. State,* (1979) 270 Ind. 421, 422, 386 N.E.2d 665, 667; *Pointon v. State* (1978) 267 Ind. 624, 372 N.E.2d 1159.

## III

Prior to trial, defendant Stroud and the prosecution entered into a plea agreement wherein Stroud agreed to plead guilty to battery and accept a five year sentence in exchange for which the prosecution agreed to drop four charges then pending against Stroud. The trial court held a hearing on the guilty plea but then refused to accept the plea bargain agreement because there was no factual basis to support the plea. Apparently, in entering the guilty plea,

Stroud admitted throwing a stick at the victim, but did not know whether the stick struck Mr. Motsinger.

■ Defendant Stroud contends that the trial court committed reversible error by refusing to accept the guilty plea and sentence him accordingly. Defendant's contentions in this regard raise no issue on which we can grant relief. The defendant has no absolute right to have a guilty plea accepted and a trial court may reject a plea in the exercise of its sound discretion. *Meadows v. State,* (1981) Ind., 428 N.E.2d 1232, 1235.

## IV

■ Finally, the defendants assert that the evidence before the jury was insufficient to support their convictions. In reviewing the sufficiency of the evidence, this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which the jury could find the defendant guilty beyond a reasonable doubt. *Showecker v. State,* (1982) Ind., 432 N.E.2d 1340, 1342; *Willard v. State,* (1980) Ind., 400 N.E.2d 151, 160.

Stroud contends that the testimony of Lee and another witness named Helton was not creditably sufficient to support his conviction and defendant Weddle claims that his participation was so remote that his conviction was not justified. Weddle claims that he was merely present at the scene of the crime and did not take part in it. Neither of their claims is supported by the evidence before the jury.

■ As for Stroud, we do not judge the credibility of the witnesses. That falls within the province of the trier of fact. Lee stated that Stroud ordered him to take money from the Motsingers. Dennis Motsinger testified that when Lee demanded the money, Lee pointed to Stroud and Weddle and said, "They said give them your money." When the Motsingers refused,

Stroud and Weddle pursued them and Mr. Motsinger was struck and injured. James Helton testified that he saw Stroud strike Motsinger with a club and Weddle hit Motsinger with his fist. Motsinger stated that Stroud hit him in the face with a club. There was sufficient evidence to convict Stroud of attempted robbery resulting in bodily injury.

From the evidence before the jury, Weddle cannot claim that his participation was so slight that it was insufficient to convict him of the crime. It is not necessary that the evidence show that the accomplice personally participated in the commission of each element. *Harris v. State,* (1981) Ind., 425 N.E.2d 154, 156; *Metcalf v. State,* (1978) 268 Ind. 579, 580, 376 N.E.2d 1157, 1158. The evidence above reveals that Weddle was identified by several of the witnesses as being one of the perpetrators of the attempted robbery. There was more than ample and sufficient evidence to justify the jury in finding both defendants guilty.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.