**William PARKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 682S236.

Supreme Court of Indiana.

Nov. 16, 1983.

Scott L. King, Cohen & Thiros, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Jack T. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Robbery, resulting in bodily injury, a Class A felony. He was sentenced to twenty (20) years of imprisonment.

The facts are these. Richard Duncan, the victim, was standing in the doorway of his home and his brother Ollie was standing at the gate leading to the home. An unknown man approached Ollie and put a gun to his head. He told Richard not to move or Ollie would be shot. The unknown man then signaled for a group of men to follow him. The men forced their way into the home. During this activity Richard was struck in the head by the gun and suffered an eye injury.

One of the group of men to enter the home was the appellant. The group of men held Richard, his son Dean and Ollie captive for thirty to forty minutes. During that time the men took turns ransacking the home and holding the Duncans captive. Richard testified appellant placed a gun against the heads of Dean and Ollie and said, "Click, Click." The men then fled the home taking with them over $900 in cash, a coin collection and other items of value. The appellant was captured a few days later driving Ollie's stolen truck.

Appellant argues the record reveals a lack of evidence that he inflicted bodily injury. Ample evidence was introduced to place the appellant within the home, to show he took property and that he placed the Duncans in fear. He, however, argues there was no evidence of his proximity in time or distance to the incident which produced the injury. Appellant maintains the absence of this showing negates his involvement in a critical element of robbery.

Appellant concedes one accomplice is criminally liable for the acts done by his

confederates which were the probable and natural consequences of their common plan. *Harden v. State,* (1982) Ind., 441 N.E.2d 215, *cert. denied,* —— U.S. ——, 103 S.Ct. 794, 74 L.Ed.2d 998; *Smith v. State,* (1982) Ind., 429 N.E.2d 956. The appellant need not commit each element as long as he was acting in concert with others. *Metcalf v. State,* (1978) 268 Ind. 579, 376 N.E.2d 1157.

Appellant attempts to distinguish his case by asserting the State made no showing of prior planning and that the State did not prove the appellant was at the scene at the exact moment the injury was inflicted. Prior planning was not necessary in view of appellant's active participation at the scene. Sufficient evidence was introduced to place appellant at the scene moments after the injury was incurred.

We have said, "[t]he responsibility for any bodily injury which occurs during the commission or attempted commission of a robbery rests on the perpetrators of the crime, regardless of who inflicts the injury, . . . ." *Moon v. State,* (1981) Ind., 419 N.E.2d 740, 741. The jury in the case at bar had substantial evidence that appellant acted in concert with the others to commit the crime of robbery. In the case at bar, Richard Duncan was injured during the commission of a robbery and all who acted in concert to commit the robbery are criminally liable for his injuries.

The trial court is in all things affirmed.

All Justices concur.