Tyris A. BROOKS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0804–CR–164.

Court of Appeals of Indiana.

Oct. 24, 2008.

Rehearing Denied Jan. 6, 2009.

Mark A. Bates, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, J.

Tyris A. Brooks appeals his conviction for dealing in a narcotic drug as a class B felony.[1] Brooks raises one issue, which we revise and restate as whether the trial court abused its discretion when it instructed the jury concerning accomplice liability. We affirm.

The relevant facts follow. On the morning of November 28, 2006, Hammond Police Department's Special Deployment Division Detectives Chris Berdine, Robert Repay, Anthony Pinarski, and Sergeant John Adam were in an unmarked vehicle conducting surveillance of a house near the Illinois border when they observed William Leitz and Kelly King exit the house and begin driving westbound toward Illinois. They followed Leitz and King to the parking lot of a gym in Illinois, where they observed Leitz and King speaking for a few minutes with a man from a nearby apartment. They then followed Leitz and King to the parking lot of a store in Chicago. Soon, Brooks pulled up in a vehicle beside Leitz and King, and the three of them spoke for a few minutes, after which Leitz and King drove back toward Indiana.

The detectives contacted Hammond Police Department Detective Marc Ferry, who was patrolling the area near the Illinois border in a marked squad car, and asked him to conduct a traffic stop of Leitz and King. After Leitz and King returned to Indiana, Detective Ferry determined that they were speeding and pulled them over. During the traffic stop, Detective Berdine spoke with Leitz, instructing him to contact Brooks and arrange for Brooks to deliver heroin to Leitz. By telephone, Leitz arranged to meet Brooks at a liquor store in Indiana, and the detectives followed Leitz to that location.

When Brooks arrived, Detectives Repay and Pinarski and Sergeant Adam pulled in front of Brooks's car in the unmarked vehicle, and Detectives Ferry and Berdine pulled behind him in the marked squad car. As the detectives approached Brooks's car, they noticed that a woman in the passenger seat, later identified as Althea Brooks, Brooks's mother, was "frantically moving," looking back, and "attempting to place items in her mouth." Transcript at 52. Thinking that Althea was attempting to swallow narcotics, Detective Berdine had her exit the car, where he found three "foiled wrapped packages" on the passenger seat. *Id.* The detectives then had Brooks exit the car, after which they found a total of eight "foiled wrapped packages," which later tested positive for heroin in the amount of .51 grams. *Id.* at 53. The following day,

---

1. Ind.Code § 35–48–4–1(a) (Supp.2006).

Brooks confessed that he was attempting to sell narcotics, denied that Althea was dealing heroin, and admitted that Althea was trying to swallow heroin when they were stopped by the police.

The State charged Brooks with dealing in a narcotic drug as a class B felony. At trial, because Brooks's cross examination of several of the State's witnesses indicated that "the defense argument may be that [Althea] and not [Brooks] was the person who possessed the drugs," the prosecutor requested an accomplice liability instruction. *Id.* at 198. The trial court granted the request over Brooks's objection, and the jury later found Brooks guilty as charged. The trial court sentenced Brooks to ten years in the Indiana Department of Correction.

■■■ The issue is whether the trial court abused its discretion by instructing the jury concerning accomplice liability. We review the grant of a jury instruction for an abuse of discretion. *Benefiel v. State,* 716 N.E.2d 906, 914 (Ind.1999), *cert. denied,* 531 U.S. 830, 121 S.Ct. 83, 148 L.Ed.2d 45 (2000). To constitute an abuse of discretion, the instruction given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury. *Id.* In reviewing a trial court's decision to give tendered jury instructions, we consider: "(1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions that are given." *Chambers v. State,* 734 N.E.2d 578, 580 (Ind.2000), *reh'g denied.*

The trial court instructed the jury as follows:

A person who knowingly or intentionally aids, induces or causes another person to commit Dealing in a Schedule I Narcotic Drug is guilty of Dealing in a Schedule I Narcotic Drug, even though he does not personally participate in each act constituting the Dealing in a Schedule I Narcotic Drug.

A person may be convicted of Dealing in a Schedule I Narcotic Drug by aiding, inducing or causing another to commit Dealing in a Schedule I Narcotic Drug even if the other person has not been prosecuted for the Dealing in a Schedule I Narcotic Drug, has not been convicted of the Dealing in a Schedule I Narcotic Drug or has been acquitted of the Dealing in a Schedule I Narcotic Drug.

In order to commit Dealing in a Schedule I Narcotic Drug by aiding, inducing or causing another to commit Dealing in a Schedule I Narcotic Drug, a person must have knowledge that he is aiding, inducing or causing the commission of the Dealing in a Schedule I Narcotic Drug. To be guilty, he does not have to personally participate in the crime nor does he have to be present when the crime is committed. Merely being present at the scene of the crime is not sufficient to prove that he aided, induced or caused the crime. Failure to oppose the commission of the crime is also insufficient to prove aiding, inducing or causing another to commit the crime. However, presence at the scene of the crime, failure to oppose the crime's commission, companionship with another engaged in criminal activity, a defendant's conduct before, during and after the occurrence of the crime are factors which may be considered in determining whether there was aiding, inducing or causing another to commit the crime.

Before you may convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:

1. The defendant,

2. knowingly or intentionally,

3. aided, induced or caused

4. Althea Brooks to commit the offense of Dealing in a Schedule I Narcotic Drug, (previously defined)

5. by aiding, inducing or causing the offense of Dealing in a Schedule I Narcotic Drug.

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of Dealing in a Schedule I Narcotic Drug, a class B felony.

Appellant's Appendix at 50.

 In addressing the propriety of the above instruction in these circumstances, we note that, under the theory of accomplice liability, an individual who aids, induces, or causes the commission of a crime is equally as culpable as the person who actually commits the offense. Ind. Code § 35–41–2–4 (2004). The accomplice liability statute does not set forth a separate crime, but merely provides a separate basis of liability for the crime that is charged. *Hampton v. State,* 719 N.E.2d 803, 807 (Ind.1999). Therefore, where the circumstances of the case raise a reasonable inference that the defendant acted as an accomplice, it is appropriate to instruct the jury on accomplice liability even where the defendant was charged as a principal. *Id.* "While the defendant's presence during the commission of the crime or the failure to oppose the crime are, by themselves, insufficient to establish accomplice liability, they may be considered along with other facts and circumstances tending to show participation." *Hodge v. State,* 688 N.E.2d 1246, 1248 (Ind.1997).

Brooks argues that the instruction is deficient because it does not require proof of voluntary conduct on his part in committing the crime. Brooks cites *Small v. State,* 531 N.E.2d 498, 499 (Ind.1988), in support of his argument. In *Small,* the victim was attempting to deliver a pizza when the appellant and another man jumped out from behind a bush. *Id.* The appellant demanded, "Give me your money," and struck the victim with a brick. *Id.* At some point, the victim was also shot, but it was unclear whether the victim was shot during the robbery. *Id.* The appellant was charged with, and convicted of, robbery as a class A felony after a jury trial during which the trial court gave the following jury instruction on accomplice liability:

Indiana law provides that: A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense.. [sic] It is also the law that a Defendant is responsible for the acts of his codefendants as well as his own acts. Any act of one is attributable to them all.

*Id.*

The Indiana Supreme Court found that this instruction was erroneous, reasoning in part that:

[C]riminal liability here, under whatever legal theory, requires proof of voluntary conduct in violation of a criminal statute. The last and separate part of [this instruction] does not satisfy this basic requirement. This instruction is therefore an erroneous statement of the law, as it states that appellant could be found responsible for the shooting, without regard to whether that act occurred while he was acting in concert in carrying out the robbery. It requires only that appellant and the person who inflicted the gunshot wound have the relationship of codefendants. Clearly this is erroneous.

*Id.* The Court further reasoned that the error would have been harmless, had the State not "alleged in its charge that the victim sustained both an eye injury and a gunshot wound, and sought to prove both."

*Id.* Because "[t]he verdict of guilty may well have been arrived at without a determination that the gunshot wound was inflicted while appellant was engaged in carrying out the robbery scheme," the jury was relieved of making a crucial decision in arriving at its verdict. *Id.* Accordingly, the Court reversed the conviction. *Id.* at 499–500.

We find *Small* distinguishable from the present case. The accomplice liability instruction here does not suggest that Brooks could be convicted of dealing in a narcotic drug based on the actions of Althea without regard to whether Althea's actions occurred while Brooks and Althea were acting in concert. Rather, the instruction recited that Brooks could only be convicted of dealing in a narcotic drug as a class B felony under a theory of accomplice liability if the State proved beyond a reasonable doubt that he knowingly or intentionally aided, induced, or caused Althea to commit the offense. *See* Appellant's Appendix at 50. Furthermore, the instruction recited that merely being present at the scene of the crime or failing to oppose the commission of the crime are insufficient bases for a conviction, although they are factors the jury may consider. *Id.* This instruction does not violate the principles in *Small,* and we cannot say that the trial court abused its discretion when it gave the instruction to the jury. *See Steele v. State,* 672 N.E.2d 1348, 1352 (Ind. 1996) (holding that the instruction in that case did not violate "the teachings of *Small* ").

Brooks also appears to argue that the evidence did not support the giving of the instruction. Specifically, Brooks claims that Althea "was the one making all the suspicious moves, attempting to swallow the packets and acting nervous." Appellant's Brief at 7. To the extent Brooks makes this argument, we must disagree.

The record reveals that Leitz called Brooks to arrange for Brooks to deliver heroin to him. When the detectives later surrounded Brooks at the designated location, Althea attempted to dispose of the heroin by swallowing packets of it. A search of the car revealed more packets of heroin. The evidence supported the instruction on accomplice liability, and we cannot say that the trial court abused its discretion by giving this instruction. *See, e.g., Cowan v. State,* 783 N.E.2d 1270, 1276–1277 (Ind.Ct.App.2003) (holding that the evidence supported the instruction on accomplice liability), *trans. denied.*

For the foregoing reasons, we affirm Brooks's conviction for dealing in a narcotic drug as a class B felony.

Affirmed.

BAKER, C.J., and MATHIAS, J., concur.