## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2017, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin D. Littlejohn, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 10, 2017 <br><br> Court of Appeals Case No. <br> 02A04-1608-CR-1936 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D04-1601-MR-1 |

**Crone, Judge.**

## Case Summary

[1] Randy Dial died from blunt force trauma and brain injury inflicted by Justin D. Littlejohn, who punched Dial, knocked him out, and smashed his head repeatedly with a microwave oven. A jury convicted Littlejohn of murder and found him to be a habitual offender. The trial court sentenced him to an aggregate term of eighty-five years. Littlejohn now appeals his conviction and sentence. He maintains that the trial court erred in instructing the jury on the definition of "intervening cause." He also challenges the sufficiency of the evidence to support his murder conviction as well as the appropriateness of his sentence. Finding no error in the jury instruction and finding the evidence sufficient, we affirm Littlejohn's murder conviction. Concluding that Littlejohn has failed to meet his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character, we also affirm his sentence.

## Facts and Procedural History

[2] Dial was a mildly mentally disabled man who received treatment through Park Center, a mental health treatment facility in Fort Wayne. As part of his services, he was provided the funds to stay at a local motel. Described by those who knew him as a nice and friendly guy, Dial allowed Littlejohn (who was homeless and broke) to stay in his motel room.

[3] On the night of December 27, 2015, Dial and several friends were hanging out in his motel room, watching television and smoking spice. Awhile later, Littlejohn and another man entered the room. Dial stood up to use the

restroom, and the agitated Littlejohn said, "Sit your f\*\*king a\*\* down." Tr. Vol. I at 160. Dial explained that he was only trying to use the restroom, reminded Littlejohn that it was his motel room, asked that he respect him, and sat down as instructed.

[4] Littlejohn approached Dial and punched him twice in the face, knocking him to the floor. As Dial lay unconscious, his friend George Lowrimore attempted to intervene, but Littlejohn's companion drew a gun and threatened to "put a bullet in [his] brain." *Id*. at 162-63; Tr. Vol. II at 44, 51, 54. Littlejohn picked up a fifteen-pound microwave oven and struck the unconscious Dial in the head several times. When the hinges on the microwave broke and the door was ajar, Littlejohn took the heavy glass turntable plate from within and shattered it against Dial's face. Immediately thereafter, one of the onlooking friends told Littlejohn to stop, and Littlejohn responded that he could "pick [Dial] up and throw him out the window." *Id*. at 46, 56-57. At that point, Littlejohn and the several others left.

[5] Lowrimore helped Dial onto the bed and got him a towel for the bleeding. The bloody and disoriented Dial told Lowrimore that he was "okay," so Lowrimore left. Tr. Vol. I at 164-65, 178. Later that night, when Lowrimore returned to check on Dial, he could not get inside the locked room, and he could hear gasping and stumbling sounds. Lowrimore tried unsuccessfully to get a key from the front desk.

[6] The next afternoon, Lowrimore persuaded the motel manager to open Dial's door. They found Dial unconscious on the floor with labored breathing and mucus coming from his mouth and phoned 911. Paramedics transported Dial to a local hospital. Meanwhile, police arrived and found a large puddle of blood and tissue matter on the floor. They also found blood on the microwave, television, refrigerator, bed, and pillows, as well as in the bathroom.

[7] Dial never regained consciousness and died at the hospital on December 29, 2015. An autopsy revealed the cause of death to be severe brain injury caused by blunt force trauma to the head. The pathologist reported that Dial's brain injuries and subdural hematomas were consistent with multiple blows to the head involving a substantial amount of force. Dial also suffered a skull fracture, a fractured middle finger, contusions on the neck, purple eyes, and abrasions and bruises on his neck, chest, shoulder, thighs, knees, forearm, and hands.

[8] The next day, police interviewed Littlejohn, who initially denied attacking Dial. He later admitted hitting Dial with his fist, the microwave, and the glass plate, conceding that he "took it a little too far" with the microwave because Dial was unconscious, harmless, weak, and would not fight him. State's Ex. 49.

[9] The State charged Littlejohn with murder and a habitual offender count. A jury found him guilty as charged. The trial court sentenced him to sixty-five years for murder, plus twenty years for the habitual offender adjudication, for an aggregate sentence of eighty-five years executed. Littlejohn now appeals his conviction and sentence. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in instructing the jury on intervening cause.

[10]     Littlejohn contends that the trial court erred in instructing the jury on the definition of intervening cause. The trial court has broad discretion in instructing the jury, and we therefore review its decision to give or refuse a party's tendered instruction for an abuse of discretion. *Kane v. State*, 976 N.E.2d 1228, 1231 (Ind. 2012). An abuse of discretion occurs when the instruction is erroneous and the instructions taken as whole misstate the law or otherwise mislead the jury. *Benefiel v. State*, 716 N.E.2d 906, 914 (Ind. 1999), *cert. denied* (2000). In reviewing a challenge to a jury instruction, we typically consider whether the challenged instruction correctly states the law, whether there is evidence in the record to support giving the instruction, and whether the substance of the instruction is covered by the other instructions. *Brooks v. State*, 895 N.E.2d 130, 132 (Ind. Ct. App. 2008). Because Littlejohn essentially limits his challenge to the first of these grounds, we focus our discussion accordingly.

[11]     Littlejohn challenges Instruction 4, which reads,

> The cause of death is not an element of the offense of murder itself, but becomes a relevant matter when an intervening cause of death is suggested. An intervening cause is an independent force that breaks the casual [sic] connection between the actions of the defendant and the injury. A defendant is responsible for the death of the decedent if you find the injuries inflicted contributed either mediately or immediately to the death. In order for an intervening cause to break the chain of criminal

> responsibility, it must be so extraordinary that it would be unfair to hold the defendant responsible for the actual result.

Appellant's App. Vol. II at 80.

[12] Littlejohn asserts that Instruction 4 is not a proper statement of the law. He contends that the "instruction inappropriately used an appellate standard reserved for sufficiency of the evidence determinations." Appellant's Br. at 13. Quite simply, it did no such thing. Instead, it merely defined intervening cause so that the jury, as factfinder, could determine whether it was Littlejohn who caused Dial's death. As such, Littlejohn's reliance on *Ludy v. State*, 784 N.E.2d 459, 462 (Ind. 2003), and *Williams v. State*, 782 N.E.2d 1039, 1049 (Ind. Ct. App. 2003) (citations omitted), *trans. denied*, is misplaced.

[13] Littlejohn also argues that the third sentence of Instruction 4 improperly created a presumption that the defendant "is responsible for the death of the decedent if [the jury] find[s] the injuries inflicted contributed either mediately or immediately to the death." Appellant's App. Vol. II at 80. Littlejohn has failed to support his assertion with cogent argument or citation to authority. As such, he has waived review of this claim pursuant to Indiana Appellate Rule 46(A)(8). *See Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."). Littlejohn has failed to establish an abuse of discretion in the trial court's giving of Instruction 4.

## Section 2 – The evidence is sufficient to support Littlejohn's murder conviction.

Littlejohn maintains that the evidence is insufficient to support his murder conviction. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* at 147 (citation omitted).

A person who knowingly or intentionally kills another human being commits murder, a felony. Ind. Code § 35-42-1-1. As Littlejohn admitted to being the person who inflicted the blows on Dial, he essentially challenges the mens rea element of the offense. A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). Intent may be established by circumstantial evidence and inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. *Long v. State*, 935 N.E.2d 194, 97 (Ind. Ct. App. 2010), *trans. denied.* Intent to kill may be inferred from the use of a

deadly weapon in a manner likely to cause death or great bodily injury. *Elliott v. State*, 786 N.E.2d 799, 803 (Ind. Ct. App. 2003).

[16] Here, Littlejohn unwaveringly, albeit self-servingly, claimed that he and Dial were friends and that he did not intend to kill him. However, the repetition as well as the force of the blows to Dial's head support a reasonable inference that, at a minimum, Littlejohn was aware of a high probability that his actions would result in Dial's death. Littlejohn knew that his first two punches had rendered Dial unconscious, but he did not stop there. Instead, he grabbed a fifteen-pound microwave oven and smashed it repeatedly against the head of the unconscious Dial, who was helpless to block the blows or defend himself in any way. Then, having broken the hinges on the microwave door, Littlejohn used the heavy glass tray inside it to deliver a final, shattering blow to Dial's face. When the onlooking friends urged him to stop, he retorted that he could "pick [Dial] up and throw him out the window." Tr. Vol. II at 46, 56-57. The probative evidence most favorable to the verdict is sufficient to establish that Littlejohn knowingly or intentionally killed Dial, and we decline Littlejohn's invitations to reweigh evidence and reassess witness credibility. Consequently, we affirm Littlejohn's murder conviction.

## Section 3 – Littlejohn has failed to carry his burden of establishing that his sentence is inappropriate.

[17] Littlejohn also asks that we review and revise his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds

that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). We do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[18] In considering the nature of Littlejohn's offenses, "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The trial court sentenced Littlejohn to sixty-five years for murder, with a twenty-year enhancement for the habitual offender finding. The sentencing range for a person convicted of murder is forty-five to sixty-five years, with a fifty-five-year advisory term. Ind. Code § 35-50-2-3(a). For a person convicted of murder and found to be a habitual offender, the sentencing range is an additional fixed term of six to twenty years. Ind. Code 35-50-2-8(i)(1). When determining the appropriateness of a sentence that deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that "makes it different from the typical offense

accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011).

[19] This was not a typical murder, if such a thing even exists. Dial was a mentally diminished person who had befriended the homeless Littlejohn. The photographic exhibits depict a grisly crime scene with blood and tissue matter on the floor, sheets, and pillowcase. The photos of Dial's head injuries are gruesome. Littlejohn attempts to characterize the incident as a "fight," but the record reflects an unprovoked, lethal beating of a person who merely attempted to get up from his seat to use the restroom. Sent. Tr. at 14. With the first two blows from his fist, Littlejohn knocked Dial unconscious. Then, wielding a fifteen-pound microwave, Littlejohn inflicted multiple heavy blows to the helpless Dial's head. Even the microwave could not weather the force, and its door broke off its hinges. In one final blow, Littlejohn broke the heavy glass turntable tray over Dial's head. When onlooking friends urged him to stop, he threatened to throw Dial out the window and then left him to die. And die he did, slowly and laboriously over the next day and a half. Simply put, this murder was senseless and brutal.

[20] As for Littlejohn's character, we conduct our review by engaging in a broad consideration of his qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*, 11 N.E.3d 571. His criminal history is among the relevant facts to be considered. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied* (2016). His entanglements with law enforcement began at age fifteen, when he was charged with conduct that

would amount to resisting law enforcement and criminal recklessness if committed by an adult. He received informal adjustments, one of which had to be extended for six months before successful completion. His adult criminal history includes two felony and three misdemeanor convictions. His felony convictions include the predicate offenses underlying his habitual offender adjudication: class B felony robbery (2007) and class D felony resisting law enforcement involving a deadly weapon/bodily injury (2011). Also notable is the fact that after serving the first three years of his robbery sentence, Littlejohn was placed on parole, violated his parole, and was remanded to the Department of Correction. Less than two months after his eventual discharge, he committed his felony resisting law enforcement offense, along with false informing and resisting law enforcement, both misdemeanors. In short, Littlejohn's criminal history reflects his continued disregard for the law and his failure to respond positively to more lenient sentencing alternatives. His risk assessment score placed him in the "HIGH risk category to reoffend." Appellant's App. Vol. II at 104.

Littlejohn also has a history of illegal substance abuse. He admitted that he began his regular use of marijuana at age sixteen, ecstasy at age eighteen, and spice at age twenty-three. He reported that he still uses spice regularly.

Finally, Littlejohn's statement to Dial's family during sentencing demonstrates a failure to accept full responsibility for his offense:

> I'd like to apologize to [Dial's] family. I want you to know that
> we were friends and it was never my intent to kill him, it was just

> a fight, fights happen every day, I just took it a little bit too far and every [sic] since the incident happened, it bothers and hurts me every day. It's been hard for me to sleep at night and will still continue to bother me.

Sent. Tr. at 14. The incident was not a fight; it was an unprovoked attack. And Littlejohn's characterization of the brutal, protracted beating of a helpless person as merely going "a little bit too far" reflects an attitude of downplaying the offense rather than taking full responsibility for it. His character simply does not militate toward a shorter sentence. In sum, Littlejohn has failed to meet his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character. Accordingly, we affirm his sentence.

[23] Affirmed.

Riley, J., and Altice, J., concur.