Charles M. FRANKLIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00-8801-CR-13.

Supreme Court of Indiana.

Feb. 3, 1989.

Charles M. Franklin, Michigan City, pro se.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of the crime of Murder, for which he received a sentence of sixty (60) years, and Conspiracy to Commit Murder, for which he received a sentence of thirty (30) years, the sentences to run concurrently.

Appellant claims reversible error in that State's Exhibit No. 24, the same being a firearms transaction record from the Pawnee Trading Post dated May 18, 1985 and contained in a clear plastic evidence bag, was submitted by the State and examined by appellant's counsel, who stipulated that it might be entered into evidence.

Following the jury verdict and the discharge of the jury, one of the jurors approached counsel for appellant and informed him that inside the clear plastic evidence bag marked as Exhibit No. 24 was a fingerprint record of appellant which revealed that appellant had been previously convicted and sentenced for a violation of the Indiana Controlled Substances Act. Prior to trial the court had granted appellant's motion in limine prohibiting the State from making any reference to appellant's criminal history by excluding any testimony, evidence, or mention of appellant's prior offenses.

An affidavit by the juror attached to this record indicates that the jury upon finding the criminal record in Exhibit No. 24 discussed it during their deliberations. Whether the evidence of appellant's prior criminal conviction was deliberately or accidentally placed before the jury is of little moment. The fact remains that improper evidence was submitted to the jury and considered by them without any prior knowledge of such occurrence by appellant.

The State argues that this mishap should be considered harmless error due to the overwhelming evidence to support appellant's conviction, citing various Indiana cases where such a ruling was made by this Court. However, the cases cited by the State do not parallel the facts of the case at bar. In the case at bar, the evidence against appellant was entirely circumstantial. There was testimony from two jail inmates that appellant had told them of his participation in the crime. Testimony of this nature is always suspect, but its credibility is left to the determination of the jury.

In a situation of this sort where the jury is required to make their decision on circumstantial evidence and upon the testimony of fellow prisoners as to statements made by appellant while in confinement, it is essential that they not be unduly influenced by evidence which should have been excluded. There is little question that the jury was influenced by an instrument which should never have been presented to them. This "mishap" violated "the fundamental integrity of all that is embraced in the constitutional concept of trial by jury." *Turner v. Louisiana* (1965), 379 U.S. 466, 472, 85 S.Ct. 546, 549, 13 L.Ed.2d 424, 429; *Osborne v. United States* (8th Cir.1965), 351 F.2d 111.

Under the circumstances, we cannot say that the submission of this evidence for the jury's consideration was harmless.

The remaining issues raised in this appeal concern the sufficiency of the evidence and will be dealt with in the court below in the retrial of this case.

The trial court is reversed and a new trial ordered.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice—concurring and dissenting.

Appellant includes within his appellate claims, the contention that the evidence was insufficient to convict. This contention must now be resolved on its merits giving consideration to all of the evidence presented at the trial. *Lockhart v. Nelson,* —— U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). *Small v. State* (1988), Ind., 531 N.E.2d. 498. I see insufficient evidence of an agreement to support the conspiracy conviction. The evidence of murder is minimally sufficient in light of the testimony of appellant's incriminating admissions to a fellow prisoner while in jail.

I would reverse appellant's conviction for conspiracy, and would not permit a retrial on the conspiracy charge. I would reverse appellant's conviction for murder because of trial error, and permit a retrial on the murder charge.