ATTORNEY FOR APPELLANT
Brent R. Dechert
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

In the

Indiana Supreme Court

FILED

May 15 2008, 1:30 pm

CLERK
of the supreme court,
court of appeals and
tax court

No.  34S05-0711-CR-512

DAWN ELIZABETH MCDOWELL,                         *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                 *Appellee (Plaintiff below).*

Appeal from the Howard Circuit Court, No. 34C01-0307-FB-261
The Honorable Lynn Murray, Judge

On Transfer from the Indiana Court of Appeals, No. 34A05-0606-CR-289

**May 15, 2008**

**Dickson, Justice.**


Dawn Elizabeth McDowell appeals her conviction and sentence for Voluntary Manslaughter, a class A felony[1] for the death of Christopher Crume.  The Court of Appeals affirmed.  McDowell v. State, 872 N.E.2d 689 (Ind. Ct. App. 2007).  We granted transfer and find that State's tendered instruction should not have been given because it authorized the jury to infer an intent to kill simply because a death resulted from a deadly weapon in the hands of the defendant.

---

[1] Ind. Code § 35-42-1-3(a)(2004).

McDowell and Crume had been living together at a campground for several months. Early on the morning of June 25, 2003, after attending a party and consuming alcohol, the two were returning to the campground in a car driven by Crume when their arguing became physically violent, and the defendant stabbed Crume in the neck. He died several days later. A jury found the defendant guilty of Aggravated Battery, a class B felony,[2] Involuntary Manslaughter, a class C felony,[3] and Voluntary Manslaughter, a class A felony. Citing double jeopardy concerns, the trial court entered a conviction only for Voluntary Manslaughter and imposed a sentence of forty years, with five years suspended.

The defendant's appeal makes several claims: insufficient evidence, erroneous admission of evidence, refusal to reopen the evidence, instruction error, and the use of improper aggravating circumstances to determine her sentence. We address only her claim of instruction error and summarily affirm the Court of Appeals as to the other issues. Ind. Appellate Rule 58(A)(2).

The defendant contends that the trial court erred in giving the following instruction that had been requested by the State:

> The intent to kill may be inferred from evidence that a mortal wound was inflicted upon an unarmed person with a deadly weapon in the hands of the accused.

Appellant's App'x at 507. Among its appellate arguments is her claim that this instruction relieves the State of its duty to prove the intent element required for Voluntary Manslaughter. A conviction for Voluntary Manslaughter requires proof beyond a reasonable doubt that the defendant knowingly or intentionally killed another person by means of a deadly weapon. Ind. Code § 35-42-1-3(a). The defendant contends that the challenged instruction permits a conviction for the offense simply upon proof that the defendant's use of a deadly weapon resulted in a person's death even in the absence of proof that the killing was done knowingly or

---

[2] Ind. Code § 35-42-2-1.5(2004).

[3] Ind. Code § 35-42-1-4(c)(2004).

intentionally.[4]

The State asserts that the defendant did not properly preserve the objection for appeal, or in the alternative, that this instruction has already received appellate approval and does not impermissibly relieve the State of its burden of proof.

To preserve an error for appeal, a party must specifically identify the grounds for the objection at trial. Childers v. State, 719 N.E.2d 1227, 1232 (Ind. 1999). *See also* Ind. Crim. Rule 8(B) ("No error with respect to the giving of instructions shall be available . . . except on the specific objections made . . . ."); Ind. Trial Rule 51(C) ("No party may claim as error the giving of an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection."). The purpose of the requirement for a specific and timely objection is to alert the trial court so that it may avoid error or promptly minimize harm from an error that might otherwise require reversal and result in a miscarriage of justice and a waste of time and resources. *See* Godby v. State, 736 N.E.2d 252, 255 (Ind. 2000).

The defendant's initial objection to the instruction at trial asserted that it was "unduly prejudicial." Tr. at 950. Authorizing a conviction in the absence of proof of the requisite criminal intent is obviously "unduly prejudicial," but such objection would normally lack the necessary specificity to preserve the error for appeal. Here, however, we have the benefit of an ensuing colloquy between the trial court and counsel, which informs us that the trial judge gave specific consideration to whether the proposed instruction was a correct statement of law. The trial judge initially reacted to the proposed instruction by calling it a "mine field." Tr. at 949. After hearing argument from both parties, the judge took a break of approximately forty-five minutes and personally researched the issue. Upon her return, she announced that she was going to give the instruction, because "[I]t appears that this is a correct statement of the law and it is still valid law and it's not covered by any other instruction and the evidence would support

---

[4] In apparent contradiction to this claim of instruction error, defense counsel's appellate brief also declares that the jury instruction is "good law." Appellant's Br. at 9, 18. As explained below (and noted by the defense in its Petition to Transfer, p. 4-5), this assertion is imprecise, and we choose to disregard it in favor of the defendant's more developed argument that the instruction improperly authorizes a conviction in the absence of proof of the requisite intent.

giving it." Tr. at 963. We conclude that the trial court gave consideration to essentially the same issue that is presented on appeal—whether the instruction was incorrect because it authorized the conviction without proof of the necessary intent.

The elements necessary to establish commission of the criminal offense of Voluntary Manslaughter as a class A felony are the (a) knowing or intentional (b) killing (c) of another person (d) by means of a deadly weapon. I.C. § 35-42-1-3(a). Other instructions correctly informed the jury that to convict the defendant of this offense, the State must prove beyond a reasonable doubt that the defendant's killing was done "knowingly or intentionally," Appellant's App'x at 495, and explained the meaning of each of these words, *id.* at 500, 501.

The fact remains, however, that the challenged instruction expressly directed the jury that it could find the intent element proven merely by evidence that the mortal wound resulted from the defendant's use of a deadly weapon upon an unarmed person. This instruction essentially authorizes a conviction upon proof of only three of the four statutory elements of Voluntary Manslaughter as a class A felony—killing of another person by means of a deadly weapon. The instruction operates to relieve the State from proving the requisite statutory intent element.

The State's appellate brief urges that this instruction has previously been found to be not erroneous, citing Bethel v. State, 730 N.E.2d 1242, 1246 (Ind. 2000), and Brown v. State, 691 N.E.2d 438, 444-45. And when it argued at trial in support of the instruction, the State cited Pointer v. State, 585 N.E.2d 33, 35 (Ind. Ct. App. 1992), and Southard v. State, 422 N.E.2d 325, 331 (Ind. Ct. App. 1981).

In Bethel, this Court found no error in the giving of an instruction permitting the jury to infer intent to commit murder from the use of a deadly weapon *in a manner likely* to cause death or great bodily injury. 730 N.E.2d at 1246. The challenged instruction approved in Brown was somewhat similar: "You are instructed that intent and purpose to kill may be inferred from the *deliberate* use of a deadly weapon *in a manner calculated* to produce death." 691 N.E.2d 438, 444 (Ind. 1998). But unlike the present case, the instructions in both Bethel and Brown, by including such words and phrases as "in a manner likely," "deliberate," and "in a manner

4

calculated," employed language specifically relating to the actor's state of mind and referring to evidentiary facts relevant to inferring criminal intent.

Similarly, the language cited by the State from both <u>Pointer</u> and <u>Southard</u> identifies conduct indicative of the requisite criminal intent. Both cases contain the statement that "intent to kill can be inferred from the use of a deadly weapon *in a manner likely* to cause death or great bodily harm." <u>Pointer</u>, 585 N.E.2d at 35 (emphasis added); *see also* <u>Southard</u>, 422 N.E.2d at 331. There is no counterpart in the language of the presently challenged instruction. But of greater significance is the fact that neither <u>Pointer</u> or <u>Southard</u> involved the appellate review of this statement in a jury instruction. In <u>Pointer</u>, the language was used in addressing the defendant's claim of insufficient evidence. 585 N.E.2d at 35. And in <u>Southard</u>, the statement was made in the discussing the admissibility of evidence. 422 N.E.2d at 331.

In this case, to convict the defendant of the charge of Voluntary Manslaughter, a class A felony, the State was required to prove beyond a reasonable doubt that "(1) the defendant (2) knowingly or intentionally (3) killed (4) Christopher Crume (5) by means of a deadly weapon." Appellant's App'x at 495. The challenged instruction operated to relieve the State's burden to prove the requisite intent element: that the defendant knowingly or intentionally killed a person. It misled the jury by authorizing a conviction for this offense merely upon evidence that Crume's death resulted from a deadly weapon "in the hands of the defendant."

The facts of this case underscore the significance of the instruction. The stab wound inflicted by the defendant resulted in a one-inch cut. As summarized by the State, Crume received exploratory surgery to repair the damage, and it appeared that he "would fully recover, but then a blood clot in an artery broke loose and caused blood to enter Crume's lungs." Appellee's Br. at 5. He died "of asphyxiation due to blood in his lungs" six days after receiving the stab wound. *Id.* It is not obvious from these facts that a properly instructed jury would find an intentional or knowing killing.

The principal issue at trial was the defendant's intent, not her actions. The instruction was an incorrect statement of law, it misled the jury, and the error prejudiced her substantial

5

rights with respect to the charge of Voluntary Manslaughter, a class A felony, thus requiring a reversal of the resulting conviction on this count. Stringer v. State, 853 N.E.2d 543, 548 (Ind. Ct. App. 2006), *trans. not sought*.

The reversal of the defendant's conviction for Voluntary Manslaughter as class A felony does not preclude the State from retrying the defendant upon this charge. At the conclusion of the defendant's first trial, the jury found the defendant guilty of Aggravated Battery, a class B felony, Involuntary Manslaughter, a class C felony, and Voluntary Manslaughter, a class A felony. The trial court entered judgments of conviction on all counts, but then, noting double jeopardy concerns, ordered the convictions for Aggravated Battery and Involuntary Manslaughter vacated, leaving only a single conviction upon the Voluntary Manslaughter charge, on which the defendant was sentenced. Because the elements of the counts charging Aggravated Battery and Involuntary Manslaughter do not include the intent to kill, the error in giving the challenged instruction does not impair the reliability and validity of these other convictions. In reversing the conviction for Voluntary Manslaughter, justice and fairness require that we also set aside the trial court's order vacating the convictions on the other counts.

In the event the State chooses to dismiss this count, or if retrial does not result in a conviction on this count, the trial court shall enter judgment and sentence the defendant based upon the jury's verdicts finding the defendant guilty of each the remaining offenses, subject to any further double jeopardy considerations, which are not presented or addressed in this opinion.

The judgment of the trial court is reversed and this cause remanded for new trial or such other proceedings as are consistent with this opinion.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.