ATTORNEYS FOR APPELLANT
John S. Merlau
Brent Eaton
New Palestine, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Brian L. Reitz
Deputy Attorneys General



# In the
# Indiana Supreme Court

No. 30S04-1206-CR-372

LISA J. KANE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Hancock Superior Court, No. 30D01-1012-FD-219
The Honorable Terry K. Snow, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 30A04-1109-CR-488

**October 30, 2012**

**Massa, Justice.**

Lisa Kane appeals her conviction for receiving stolen property, arguing that the trial court improperly instructed the jury on the mental state required to convict her. We agree, reverse her conviction, and remand her case for retrial.

**Facts and Procedural History**

In 2010, Sam Rifner and Lisa J. Kane had been in a relationship for about fifteen years. They had one child together, and they had shared an apartment for some time. When Sam lost his job in the fall of 2010, the couple could no longer afford their apartment, and Sam moved into the home of his parents, Shirley and Stephen Rifner. Kane moved in with her own parents and occasionally visited Sam at his parents' home.

At some point, Shirley noticed that some of her personal property—specifically, video game equipment—was missing from her home. She also noticed that some of her husband's tools were missing. When she asked Sam about the missing items, he admitted he had taken them and pawned them. Shirley then went into Sam's room and found several pawn tickets. Two of these tickets appeared to bear Kane's signature.

Shirley reported the thefts to the Hancock County Sheriff's Department, which conducted an investigation in conjunction with the Indianapolis Metropolitan Police Department. They determined that the thumbprint of the person who had pawned the item, located on the back of one of the pawn tickets, matched Kane's thumbprint.

The State charged Kane with receiving stolen property, a class D felony, and later amended that charge to add a habitual offender enhancement. Kane was tried before a jury, and at the close of the evidence, both parties tendered proposed jury instructions. Among the State's proposed instructions was No. 8 regarding accomplice liability: "You are instructed that when two or more persons combine to commit a crime, each is responsible for the acts of his confederate(s) committed in furtherance of the common design, the act of one being the act of all." App. at 33.

Kane's attorney objected to that proposed instruction. The trial judge asked Kane's attorney to "expand" upon his objection, and a colloquy ensued. Tr. at 152–58. Kane's attorney explained that there was no evidence that "Ms. Kane or Mr. Rifner planned this out or talked

about it in advance . . . ." Tr. at 152–53. He also expressed concern that the jury could convict Kane based on Sam's actions "without necessarily proving that she had knowledge"—meaning, presumably, knowledge that the goods were stolen. Tr. at 153. The prosecuting attorney argued that "acting in concert with another is part and parcel of the circumstantial evidence that can be used to infer knowledge." Tr. at 153. The trial court noted that the instruction at issue was not a pattern instruction and requested that the prosecuting attorney provide some statute or case law in support of it. The prosecuting attorney cited Harrison v. State, 269 Ind. 677, 382 N.E.2d 920 (1978), and the trial judge assigned an intern to look up that case. After a little more discussion, Kane's attorney renewed his objection, and the trial court took the matter under advisement.

The proposed instruction, as modified to mirror the instruction used in Harrison, was ultimately included in the trial court's final instructions as No. 12: "Where two or more persons combine to commit a crime, each is criminally responsible for the acts of his or her confederates committed in furtherance of common design, the act of each being the act of all." App. at 38; see also Harrison, 269 Ind. at 687, 382 N.E.2d at 926 (finding no fault with an *abandonment* instruction that read, in part: "When two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederates committed in furtherance of the common design, the act of each being the act of all.").

The jury convicted Kane of the charged D felony receiving stolen property. Kane admitted to being a habitual offender. She was sentenced to three years for receiving stolen property with an enhancement of two years (one suspended) for her habitual offender status.

Kane appealed her conviction on two grounds: (1) that the evidence was insufficient to support the conviction and (2) that the trial court abused its discretion both by failing to give one of her proposed jury instructions and by giving Final Instruction No. 12. A divided panel of the Court of Appeals affirmed Kane's conviction in an unpublished opinion. Kane v. State, No. 30A04-1109-CR-488, 2012 WL 1478788, slip op. at 2 (Ind. Ct. App. April 27, 2012). The majority found that the evidence, though circumstantial, was nonetheless sufficient to support the inference that Kane knew the property was stolen. Id. at 5. As to Kane's proffered jury

instruction, the court found her appeal waived for failure to develop a cogent argument, but noted that even if it were not, it would fail "because each element of the tendered instruction was covered by other instructions given." Id. at 7. As to Final Instruction No. 12, the court agreed it was "deficient," but found that Kane had waived her challenge to the error by failing to raise that specific argument at trial or on appeal. Id. at 9.

Judge Barnes dissented, believing Kane had preserved the instructional issue for appeal. Id. at 10 (Barnes, J., dissenting). He described Final Instruction No. 12 as "outdated and woefully inadequate." Id. at 10–11. He noted that it omitted the mental state requirement for accomplice liability and that we had found a similar instruction to be deficient in Small v. State, 531 N.E.2d 498 (Ind. 1988). Kane, slip op. at 11–12. He also stated that he did not believe the error could be harmless because the case "was a very 'close call.'" Id. at 12.

Kane petitioned for transfer to this Court on the basis of the State's accomplice liability instruction only. We granted transfer, thereby vacating the opinion below. Kane v. State, 970 N.E.2d 155 (Ind. 2012) (table); Ind. Appellate Rule 58(A).

**Standard of Review**

When reviewing a trial court's decision to give or refuse to give a party's tendered instruction, we consider "(1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to support giving the instruction; and, (3) whether the substance of the instruction was covered by other instructions that were given." Mayes v. State, 744 N.E.2d 390, 394 (Ind. 2001). The trial court has broad discretion as to how to instruct the jury, and we generally review that discretion only for abuse. Id. Where, however, as here, the appellant's challenge to the instruction is based on the first of our three considerations—an argument that the instruction was an incorrect statement of the law—we review the trial court's interpretation of that law de novo. LaPorte Cmty. Sch. Corp. v. Rosales, 963 N.E.2d 520, 523 (Ind. 2012).

4

**Kane Has Not Waived Her Claim of Instructional Error**

As a threshold matter, the State contends that Kane's claim of instructional error is waived because she did not raise the particular grounds for her objection at trial or on appeal. We disagree.

It is well-established in both common law and rule that a party wishing to preserve instructional error for appeal must identify the specific grounds for objection at the time of trial. See, e.g., McDowell v. State, 885 N.E.2d 1260, 1262 (Ind. 2008); Childers v. State, 719 N.E.2d 1227, 1232 (Ind. 1999); Ind. Crim. Rule 8(B) ("No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."); Ind. Trial Rule 51(C) ("No party may claim as error the giving of an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection."). We require such a specific and timely objection to ensure that the trial court has every opportunity to avoid error "that might otherwise require reversal and result in a miscarriage of justice and a waste of time and resources." McDowell, 885 N.E.2d at 1262 (citing Godby v. State, 736 N.E.2d 252, 255 (Ind. 2000)).

We find McDowell particularly instructive here. In that case, the defendant was on trial for voluntary manslaughter, and her attorney objected to one of the State's proposed jury instructions on the ground that it was "unduly prejudicial." Id. at 1262. On appeal, the defendant argued the instruction was an incorrect statement of the law because it impermissibly relieved the State of its burden to prove the element of intent beyond a reasonable doubt. The State contended that the defendant had waived her objection by not raising it at trial. We agreed with the defendant, noting that although the defendant's objection might "normally lack the necessary specificity to preserve the error for appeal," where, as here, "we have the benefit of an ensuing colloquy between the trial court and counsel, which informs us that the trial judge gave specific consideration to whether the proposed instruction was a correct statement of law," the error is preserved. Id.

Here, as in <u>McDowell</u>, Kane's attorney initially made a general objection to Final Instruction No. 12. He subsequently argued that there was insufficient evidence to support giving it, and he specifically expressed concern that it could cause the jury to convict Kane even if the State failed to prove the requisite mens rea—knowingly or intentionally—for the charged crime. What is more, during this colloquy, the trial court noted that the instruction was not a pattern instruction, sent an intern to look up the case the prosecutor cited in support of it, and said he would "take at look" at it. Most significantly, the trial judge did not simply adopt the State's proposed instruction; rather, he changed it to mirror language that, in his estimation, had received judicial approval in <u>Harrison</u>. We find this is enough to show that the trial judge considered whether the proposed instruction was an incorrect statement of the law and thus to preserve for appeal an objection to the instruction on that ground.

**Jury Instruction No. 12 Was an Incorrect Statement of the Law**

Indiana's accomplice liability statute states that "[a] person who *knowingly or intentionally* aids, induces, or causes another person to commit an offense commits that offense . . . ." Ind. Code § 35-41-2-4 (emphasis added). Accordingly, the pattern jury instruction on accomplice liability tracks the language of the statute and includes a prominent mention of the required mental state: "A person who, *knowingly or intentionally* [aids] [induces] [causes] another person to commit an offense commits that offense." 1 Ind. Pattern Jury Instructions (Criminal) No. 2.11 (2011) (emphasis added; bracketed text in original). Final Instruction No. 12, in contrast, omits altogether the key phrase "knowingly or intentionally"—indeed, it says nothing about mens rea at all. Instead, it states that "each is criminally responsible for the acts of his or her confederates committed in furtherance of common design, the act of each being the act of all."

In prior cases, we have weighed jury instructions that were unclear as to the relevant mental state and found them wanting. <u>See</u> <u>Small</u>, 531 N.E.2d at 499. Final Instruction No. 12 does not include a mental state at all; rather, it seems to impose strict liability on Kane for the

unlawful acts of Sam, whether she knew about them or not. That is not the law in Indiana, and so we hold that the trial court erred by giving the jury Final Instruction No. 12.

## The Error Was Not Harmless

Having found the challenged instruction to be erroneous, we presume the error affected the verdict, and we will reverse the defendant's conviction "unless the verdict would have been the same under a proper instruction." Rosales, 963 N.E.2d at 525; see also Dill v. State, 741 N.E.2d 1230, 1233 (Ind. 2001) (finding an instruction harmless error only when the conviction is "clearly sustained by the evidence and the jury could not properly have found otherwise."); Ind. Appellate Rule 66(A) (stating that an error at trial may be reversed on appeal unless "its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").

Here, the State concedes there is no direct evidence that Kane knew the property was stolen when she pawned it, but argues the circumstantial evidence was sufficient for the jury to have found the knowledge element of the crime proven beyond a reasonable doubt. See Appellee's Br. at 7 ("Because there are reasonable inferences from the evidence that permit the jury to find that Defendant had knowledge of the stolen nature of the property that she pawned, she is guilty of receiving stolen property."). The State presented uncontroverted evidence at trial to show Kane and Sam were in an intimate relationship, they had financial difficulties, Kane relied upon Sam for transportation, they spent time together in the home from which the property was taken, and Sam had previously stolen property and pawned it.

We agree with Judge Barnes that this "evidence of Kane's knowledge that she was helping Sam 'fence' stolen property is far from overwhelming." Kane, slip op. at 11 (Barnes, J., dissenting). It may be enough to clear the lower bar of sufficiency, but we believe it is not

7

enough to overcome the presumption of prejudice that applies here. Thus, we cannot say the verdict would have been the same if the jury had been properly instructed as to the knowledge requirement of the offense, and we find the error was not harmless.[1]

### Conclusion

Accordingly, we reverse Kane's conviction and remand this case for retrial.

**Dickson, C.J., Rucker and David, J.J., concur.**

---

[1] We believe the Court of Appeals correctly decided Kane's claim that the evidence was insufficient to support her conviction, and so we summarily affirm that portion of its opinion. Ind. Appellate Rule 58(A)(2). Finally, we have decided her case on another ground, and so we need not—and do not—consider Kane's argument regarding the trial judge's refusal to give *her* proffered jury instruction. See Horseman v. Keller, 841 N.E.2d 164, 167 n.1 (Ind. 2006) (declining to address an issue when resolving the case on other grounds).