Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 17 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ELLIS DeBERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1111-CR-606 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John M.T. Chavis, II, Judge *Pro Tempore*
Cause No. 49F19-1103-CM-19703

**December 17, 2012**

**OPINION ON REHEARING - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Ellis DeBerry petitions this court for rehearing. We grant his petition, in part, for the limited purpose of concluding that DeBerry has not waived his appellate claim as to the appropriateness of the trial court's jury instruction defining "forcible resistance." In our original opinion, we determined that DeBerry failed to specifically assert the grounds for his objection to the instruction at trial. The record reveals, however, that during pretrial discussion on DeBerry's objection to an earlier incarnation of the trial court's instruction, the court gave consideration to essentially the same issue that DeBerry raises on appeal—whether the proffered definition of "forcible resistance" was confusing and misleading to the jury. *See McDowell v. State*, 885 N.E.2d 1260, 1263 (Ind. 2008). Because we also determined in our original opinion that the facts of this case are sufficient to render DeBerry's claimed error with the jury instruction harmless, we decline DeBerry's petition for rehearing on this issue.

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.