**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 25 2013, 9:23 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRENDA VARO, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A05-1203-CR-144 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-1104-FB-25422

**April 25, 2013**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**NAJAM, Judge**

Brenda Varo has filed a petition for rehearing asking that we address an alleged omission in our memorandum decision. See Varo v. State, No. 49A05-1203-CR-144 (Ind. Ct. App. 2012). We grant Varo's petition for rehearing for the limited purpose of addressing a single issue, namely, whether our memorandum decision omitted an issue raised on appeal, namely, whether the trial court erred when it instructed the jury on the offense of criminal gang activity. Upon review, we agree with Varo that our decision does not address one of the issues raised in her appeal, namely, whether the trial court erred when it instructed the jury on the offense of criminal gang activity. We conclude that the error, if any, was waived. With that addition, we reaffirm our decision.

In 2010, the State charged Varo with conspiracy to commit aggravated battery, as a Class B felony ("Count I"); conspiracy to commit battery, as a Class C felony ("Count 2"); and criminal gang activity, as a Class D felony ("Count 3"), arising from the shooting of Chris Marin. Before trial began, the parties discussed the jury instructions regarding Count 3. Varo requested the trial court instruct the jury on the definition of "criminal gang" found in Indiana Code Section 35-45-9-1 because "it's one of the essential elements" of the offense. Transcript at 27. The State did not object, and the trial court agreed to add that preliminary instruction. But Varo did not object to the existing instruction on criminal gang activity, which mirrors the language of Indiana Code Section 35-45-9-3 defining that offense. Rather, she approved the jury instructions with the addition of the statutory definition of a criminal gang.

"It is well-established in both common law and rule that a party wishing to preserve instructional error for appeal must identify the specific grounds for objection at

2

the time of trial." Kane v. State, 976 N.E.2d 1228, 1231 (Ind. 2012) (citations omitted); Ind. Crim. Rule 8(B) ("No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."); Ind. Trial Rule 51(C) ("No party may claim as error the giving of an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection."). A specific and timely objection is required "to ensure that the trial court has every opportunity to avoid error 'that might otherwise require reversal and result in a miscarriage of justice and a waste of time and resources.'" Kane, 976 N.E.2d at 1231 (citations omitted). Here, Varo contended for the first time on appeal that the jury was not adequately instructed on the offense of criminal gang activity. At trial, Varo requested the trial court instruct the jury on the definition of "criminal gang" found in Indiana Code Section 35-45-9-1, and the trial court complied. She does not show by citation to the record that she objected to the jury instructions on Count 3, nor has our review of the record disclosed any such objection. As such, we hold that Varo has waived the issue for review. See id. In all other respects, we affirm our memorandum decision.

Affirmed on rehearing.

KIRSCH, J., and MAY, J., concur.