## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 05 2015, 9:45 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Greggory Cataldo,

*Appellant-Defendant,*

v.

State of Indiana

*Appellee-Plaintiff*

June 5, 2015

Court of Appeals Case No.
79A02-1409-CR-683

Appeal from the Tippecanoe
Superior Court
The Honorable Randy J. Williams,
Judge
Cause No. 79D01-1406-FB-11

**Bailey, Judge.**

# Case Summary

[1] Greggory Cataldo ("Cataldo") was convicted of Attempted Robbery, as a Class B felony,[1] and was sentenced to a term of imprisonment of fifteen years. He now appeals.

[2] We affirm.

# Issues

[3] Cataldo presents two issues for our review. We restate these as:

  I. Whether the trial court abused its discretion when it gave one of the State's proffered jury instructions; and

  II. Whether Cataldo's sentence was inappropriate.

# Facts and Procedural History

[4] Around 2:30 in the morning on May 28, 2014, Matthew Jackson ("Jackson") was walking to work in Lafayette. As he walked near a gas station, Cataldo and a juvenile, M.D., pulled their car into the gas station's parking lot.

[5] The car came to a stop, and Cataldo got out of the car, approached Jackson, and pushed Jackson to the ground. Cataldo began to go through Jackson's pockets while punching Jackson in the head "a couple dozen" times, Tr. at 36,

---

[1] Ind. Code §§ 35-41-5-1 & 35-42-5-1. The Indiana General Assembly revised numerous of our criminal statutes effective July 1, 2014. Throughout this opinion, we refer to and apply the statutes in effect at the time of Cataldo's offense.

and asked, "Whatcha got, whatcha got?" Tr. at 37. Cataldo's blows caused Jackson injuries to the back, right, and lower front of his head.

[6] Cataldo searched Jackson's front and back left pockets. Jackson had a packet of chewing gum and a box cutter. Cataldo took neither of these, and instead got back into the car and drove away.

[7] Jackson called police. Police responded and stopped the vehicle in which Cataldo and M.D. had been traveling. Police showed Jackson the occupants of the vehicle, and Jackson identified Cataldo as his attacker. Cataldo and M.D. were arrested.

[8] On June 2, 2014, the State charged Cataldo with Attempted Robbery, as a Class B felony; Attempted Robbery, as a Class C felony;[2] Attempted Theft, as a Class D felony;[3] and Battery, as a Class A misdemeanor.[4]

[9] A jury trial was conducted on August 5 and 6, 2014. During the trial, the State proffered a proposed final instruction related to the Class B felony-level charge of Attempted Robbery, the text of which read, "Infliction of injury while engaged in the commission of an attempted robbery requires proof only of the knowledge necessary to prove the crime of robbery." App'x at 44. Cataldo

---

[2] I.C. §§ 35-41-5-1 & 35-42-5-1.

[3] I.C. §§ 35-41-5-1 & 35-43-4-2.

[4] I.C. §§ 35-42-2-1.

timely objected to the State's proffered instruction, but the trial court overruled the objection and issued the instruction to the jury.

[10] At the conclusion of the trial, the jury found Cataldo guilty of Attempted Robbery, as a Class B felony;[5] Attempted Theft, as a Class D felony; and Battery, as a Class A misdemeanor.

[11] On September 5, 2014, a sentencing hearing was conducted. During the hearing, the State moved to vacate the guilty verdicts for Attempted Theft and Battery, which motion the trial court granted. The court entered a judgment of conviction against Cataldo for Attempted Robbery, as a Class B felony, and sentenced him to a term of imprisonment of fifteen years, with two years to be served in a community corrections program if Cataldo were to be accepted into a community corrections program.

[12] This appeal ensued.

# Discussion and Decision

## Jury Instruction

[13] Cataldo's first contention on appeal is that the trial court erroneously gave the State's proffered jury instruction.

---

[5] The verdict forms permitted the jury to find Cataldo not guilty of Attempted Robbery or to find him guilty of either Class B-felony Attempted Robbery or, in the alternative, Class C-felony Attempted Robbery.

Our standard of review in such cases is well settled:

> When reviewing a trial court's decision to give or refuse to give a party's tendered instruction, we consider "(1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to support giving the instruction; and, (3) whether the substance of the instruction was covered by other instructions that were given." *Mayes v. State,* 744 N.E.2d 390, 394 (Ind. 2001). The trial court has broad discretion as to how to instruct the jury, and we generally review that discretion only for abuse. *Id.* Where, however, as here, the appellant's challenge to the instruction is based on the first of our three considerations—an argument that the instruction was an incorrect statement of the law—we review the trial court's interpretation of that law de novo. *LaPorte Cmty. Sch. Corp. v. Rosales,* 963 N.E.2d 520, 523 (Ind. 2012).

*Kane v. State*, 976 N.E.2d 1228, 1230-31 (Ind. 2012). Where an instruction is erroneous, we presume the error affected the verdict, and must reverse "'unless the verdict would have been the same under a proper instruction,'" *Id.* at 1232, that is, "only when the conviction is clearly sustained by the evidence and the jury could not properly have found otherwise." *Dill v. State*, 741 N.E.2d 1230, 1233 (Ind. 2001).

Here, the trial court gave the following instruction: "Infliction of injury while engaged in the commission of an attempted robbery requires proof only of the knowledge necessary to prove the crime of robbery." App'x at 44. This instruction, proffered by the State, was based upon our supreme court's statement in *Roberts v. State*: "Infliction of injury while engaged in the commission of a robbery or attempted robbery requires proof only of the intent and knowledge necessary to prove the crime of robbery." 266 Ind. 72, 77, 360 N.E.2d 825, 828 (1977). The *Roberts* Court made this statement in the context

of a challenge to the sufficiency of the evidence as to Roberts's "intent to deprive his victims of property and knowledge of what he was doing." 266 Ind. at 78, 360 N.E.2d at 828.

[17] The partial quote of *Roberts* included in the State's proffered instruction was, as Cataldo observes, confusing. Though admittedly less than an ideal instruction, it is not a misstatement of the law.

[18] Even if it were incorrect, we cannot conclude that the instruction prejudiced Cataldo's substantial rights. We note in particular that the jury found Cataldo guilty of both Battery and of Attempted Theft—that is, the jury found that Cataldo physically struck Jackson, causing injury, and found that Cataldo intentionally attempted to take property from Jackson without Jackson's consent. Thus, the jury clearly did not accept Cataldo's testimony that he fought Jackson but did not attempt to take property from Jackson, and we see no likelihood that the jury could have reached any verdict other than that Cataldo had committed Attempted Robbery, as a Class B felony, as charged.

[19] We accordingly find no basis for reversal as a result of the State's proffered instruction.

## Inappropriateness

[20] We turn now to Cataldo's other contention on appeal, that his sentence is inappropriate in light of the nature of the offense and his character.

[21]     The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225. We do not, upon reviewing a sentencing order, assess "[t]he relative weight or value assignable to reasons properly found or those which should have been found." *Anglemyer v. State*, 868 N.E.2d 482, 481 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[22]     Cataldo was convicted of Attempted Robbery, as a Class B felony. A Class B felony carries a sentencing range of between six and twenty years imprisonment, with an advisory sentence of ten years. I.C. § 35-50-2-5. Cataldo was sentenced to fifteen years imprisonment.

[23]     Looking first at the nature of Cataldo's offense, Cataldo got out of a car, pushed Jackson down, struck him nearly two dozen times, and searched Jackson for items of value. This resulted in multiple injuries to Jackson's head. Jackson reported being in pain, for which he was treated at a local hospital, and during

his 911 call to police had difficulty talking to the dispatcher because he was spitting out blood as a result of Cataldo's attack.

[24] We turn next to Cataldo's character. At twenty years of age, Cataldo has a history of juvenile delinquency and criminal adjudications. These include three adjudications as a juvenile delinquent, and seven prior cases resulting in criminal convictions as an adult. Several of these adjudications relate to driving while never having obtained a license or to other drug offenses. Cataldo has also been convicted of conversion, theft, and resisting law enforcement, and has had his probation revoked or has been terminated from probation on a total of seven occasions.

[25] Cataldo admitted to using drugs, including marijuana, cocaine, methamphetamine, heroin, morphine, and Xanax at least once per month. Cataldo was twice afforded opportunities for rehabilitation, but did not take advantage of these. He admitted that his drug use interfered with employment, and that he had attended work and school while intoxicated. Cataldo dropped out of high school, having only completed the tenth grade, and obtained a G.E.D. while in the Department of Correction's Boys' School as a juvenile. He has a sporadic work history, with occasional stints of employment that have lasted only a few months at a time.

[26] Together, then, Cataldo has a sustained history of criminal activity that, even at the age of twenty, speaks poorly of his character and shows evidence of escalation into property crimes and other offenses. In light of this, we cannot

conclude that the nature of his offense and his character make his fifteen-year sentence inappropriate.

# Conclusion

[27] There is no reversible error in the trial court's use of the State's proffered jury instruction. Cataldo's sentence is not inappropriate.

[28] Affirmed.

Riley, J., and Barnes, J., concur.